Shauck, J.
In the relation of these exceptions to the judgment which should be rendered here the question first in order is whether the circuit court erred in holding that the original plaintiff could not recover on account of the alleged negligence of the company in employing Denise and retaining him in its service in view of his habits and conduct without alleging that he was himself without knowledge respecting them. Upon that subject there was neither allegation nor evidence.
In the rational development of the law of negligence and its application to the relation of employer and employe, comprehensive views of the subject have been taken to the end that not only justice should be done between the parties, but. that such rules should be devised and applied as would contribute as effectively as possible to the prevention of injuries from negligence. Usually a carrier is a corporation without organs for observation. If a natural person, his opportunity for observation is limited. But his relations to patrons and the public require that he be charged with the consequences of the negligence of his *105 employes. To enable him to meet the obligation which this imposes upon him there have become recognized the defenses of fellow-servant, assumed risk, and acquiescence with knowledge, if that differs from assumed risk. If the original plaintiff had knowledge that the defendant had negligently employed one whose habits and conduct would likely lead to the injury of others, or was retaining such employe in its service, the communication of that knowledge to the employer' was a duty which he owed not only to himself and the company, but to others, and failure in that regard would defeat his recovery. But we are to ascertain what inferences should be drawn from the absence of averment of either party respecting the knowledge of the plaintiff. An obvious and helpful analogy is found in the established rules respecting contributory negligence which is always a matter of defense except when the case made by the plaintiff starts an inference that his own negligence contributed to his injury, when it is incumbent upon him to avert the inference by averment and by proof if the averment is denied. This analogy seems to be clearly recognized in the cases upon the subject of assumed risk, and the plaintiff is required to allege his want of knowledge only when his own averments start the inference that he had knowledge of the source of danger. The rule upon the subject received the following clear statement by this court in the case of L. S. & M. S. Ry. Co. v. Knittal, 33 Ohio St., 468: “If such employe, with a full knowledge of an habitual and continued negligence of the com *106 pany or his superior fellow employe in some particular matter, acquiesces therein and continues in the service of the company, without any objection or effort toward a correction of the neglect, he thereby waives his right against the company and takes the .risk upon himself.” The rule was applied to prevent recovery by a brakeman for injuries which he had received in making a running switch in which dangerous mode of making switches he had participated. The direct question was presented in the case of Coal & Car Co. v. Norman, 49 Ohio St., 598, where the relation of the injured employe to the negligence of which he complained was shown by his own case to have been within his knowledge. It is true that through inadvertence this condition was omitted from the syllabus in that case, but the condition was plainly present in the record. The subject was again considered in Coal & Mining Co. v. Admr. of Clay, 51 Ohio St., 542, where the same condition was presented, that is, the case made by the plaintiff showed such opportunity for knowledge of the dangerous condition from which his injury arose as to require him to negative the inference of knowledge. The same condition was presented in the case of Coal Co. v. Estievenard, 53 Ohio St., 43. In Hesse, Admx., v. C. S. & H. Rd. Co., 58 Ohio St., 167, a recovery was denied on account of injuries to a locomotive fireman resulting from defects in the locomotive upon which he was employed because of the absence of the allegation that he had no knowledge thereof. In all of these cases the rule applied in the present *107 case by the circuit court was applied to cases in which the injured employe was shown by the averments of the petition to have been in a position to have knowledge of the sources of danger and in some of them to have peculiar opportunity to be informed respecting it. If the facts alleged in the petition should show inferentially that the plaintiff could not have had knowledge, certainly there would be no reason in requiring the formal allegation that he did not have knowledge. So in the absence of facts appearing in the plaintiff’s case to start the inference that he probably had knowledge, why should the averment that he was without knowledge be required? It would seem to be extending a rule beyond its reason to require an averment of want of knowledge when the cause of action alleged does not suggest the probability of knowledge. In the present case it does not appear from the averments of the petition that the plaintiff had any special opportunity to become informed respecting the habits or condition of the car repairer. The employment of the original plaintiff was wholly, so far as the case shows, in the operation of his car upon the streets of the city and that of Denise was at the barn or shop. Though they were in the service of the same employer, their duties were separate and their meetings would naturally have been so casual and infrequent that the knowledge which should defeat a recovery in the case would not naturally have been acquired, and consequently the plaintiff’s default in duty in the respect considered would not be suggested by the case. It appears therefore *108 that to require the original plaintiff to allege that he did not have knowledge of the negligence which the jury found to have resulted in his injury would be to extend the rule beyond the reason by which it is supported and that the circuit court erred in reversing the judgment upon that ground. Since this ground of recovery is not affected by the relation of superior and subordinate in the service of the company, we need not consider the other question with respect to which the courts below have differed.

Judgment of circuit court reversed and that of the common pleas affirmed.

Davis, C. J., Spear, Johnson, Donahue and O’Hara, JJ., concur.